PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

# IN THE UNITED STATES DISTRICT COURT

FOR THE __NORTHERN__ DISTRICT OF TEXAS

__SAN ANGELO__ DIVISION

PETITION FOR A WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY

| | |
|---|---|
| LANNY MARVIN BUSH- 1917810 | 2664 FM 2054, Tennessee, Colony, Tex. |
| **PETITIONER** (Full name of Petitioner) | **CURRENT PLACE OF CONFINEMENT** |
| vs. | 1917810 |
| | **PRISONER ID NUMBER** |
| Brian Collier | 619 CV-006-C |
| **RESPONDENT** (Name of TDCJ Director, Warden, Jailor, or authorized person having custody of Petitioner) | **CASE NUMBER** (Supplied by the District Court Clerk) |

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?** (Check <u>all</u> that apply)

☒ A judgment of conviction or sentence, (Answer Questions 1-4, 5-12 & 20-25)
    probation or deferred-adjudication probation.
☐ A parole revocation proceeding. (Answer Questions 1-4, 13-14 & 20-25)
☐ A disciplinary proceeding. (Answer Questions 1-4, 15-19 & 20-25)
☐ Other: _____ (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
**Note:** In answering questions 1-4, you must give information about <u>the conviction for the sentence you are presently serving</u>, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: __42 nd DISTRICT COURT__

   __COLEMAN COUNTY TEXAS, 76834, 100 W. Liveoak, Coleman Texas__

2. Date of judgment of conviction: __April/14/2014__

3. Length of sentence: __LIFE W/O Parole__

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: __2602 Capitol Murder__

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5. What was your plea? (Check one)  ☒ Not Guilty   ☐ Guilty   ☐ Nolo Contendere

6. Kind of trial: (Check one)   ☒ Jury   ☐ Judge Only

7. Did you testify at trial?   ☐ Yes   ☒ No

8. Did you appeal the judgment of conviction?   ☒ Yes   ☐ No

9. If you did appeal, in what appellate court did you file your direct appeal? <u>11TH DISTRICT COURT OF APPEALS, Eastland Texas</u>   Cause Number (if known): <u>11-14-00129-CR</u>

   What was the result of your direct appeal (affirmed, modified or reversed)? <u>Reversed and Modified</u>

   What was the date of that decision? <u>August/11/2016</u>

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Grounds raised: <u>1. Insufficent evidence to support the Capitol Charge</u>

   <u>2. Insufficent evidence to support the conviction</u>

   Result: <u>Petitioner"s PDR refused. States PDR Granted</u>

   Date of result: <u>May/03.2018</u>   Cause Number (if known): <u>PD-1012-16</u>

   If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: _____

   Date of result: _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.   ☒ Yes   ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: <u>42 nd District Court, Coleman, Texas 76834</u>

    Nature of proceeding: <u>11.07 (habeaus Corpus)</u>

    Cause number (if known): <u>WR-22600-04 - [Tr Ct #. 2602-C]</u>

—3—

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court: __MAY/30/2018__

Grounds raised: __Suppressed evidence, Insufficient Evidence, Voluntariness of Statement, Abuse of descretion, Due Process, Jury Misconduct, Improper jury closing, Ineffective assistance of Counsel(2).__

Date of final decision: __1-9-19__

What was the decision? __Refused w/o Written opinion__

Name of court that issued the final decision: __Court of Criminal Appeals-Austin Tex.__

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: ____

Nature of proceeding: ____

Cause number (if known): ____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:

____

Grounds raised: ____

____

Date of final decision: ____

What was the decision? ____

Name of court that issued the final decision: ____

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition? ☐ Yes ☒ No

   (a) If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: ____

   ____

   (b) Give the date and length of the sentence to be served in the future: ____

   ____

-4-

or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future? ☐ Yes ☐ No

**Parole Revocation:**

13. Date and location of your parole revocation: _____

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation? ☐ Yes ☐ No

    If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon?
    ☐ Yes ☐ No

16. Are you eligible for release on mandatory supervision? ☐ Yes ☐ No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:
    _____

    Disciplinary case number: _____

    What was the nature of the disciplinary charge against you? _____

18. Date you were found guilty of the disciplinary violation: _____

    Did you lose previously earned good-time days? ☐ Yes ☐ No

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:
    _____

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
    _____
    _____
    _____

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
    ☐ Yes ☐ No

    If your answer to Question 19 is "Yes," answer the following:

    Step 1 Result: _____

Date of Result: _____

Step 2   Result: _____

Date of Result: _____

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A. **GROUND ONE:** Suppressed Evidence- State withheld Vital statements from witness, and Evidence of Alibi locatin from jury. Statement were from current boyfriend that swore he talked to victum days after she was reported missing, Witness swore about eyewitnesssing victim days after reported missing, Alibi Locatin not introduced

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Fact that victims friends spoke with her and boyfriend spoke with victim, days after she wws reported missing, Sworn Statements withheld from jury. Eyewitness saw victims car arrive days after reported missing, Victim also saw in another town days afetr.  Alibi location not introduced to the jury that would show that Defendanst was some 80 miles away Paying for gasline with a credit acrd and Video Proof, at the same time he was alledged to be at the Alledged Grave site. Alibi Location also withheld from jury showing the Inconsistancies of the GPS Mapping data.

With held Proof of a Ghost phone, that was in the possession of the Police, proving the theory of a Mirror phone, as alledged by the Defendant.

B. **GROUND TWO:** Insufficent evidence - Factual and Legal

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

State failed to prove the any crime had occured, Victim had no signs of injury or trama. Medical examiner could not determine the cause of death, Listed the cause death as UNKNOWN, and the Manner of Death as Undetermined. State Didnot prve that the victim was kidnapped, therefore not being able to prove capitol statue, much less a Felony of Murder. In Order to be convicted of Murder, the cause od death has to be intentionally.

Due process

-6-

C. **GROUND THREE:** Voluntariness of Statement; Statement obtained thru Bribes, coercion amd therats by the Rangers.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Rangers interrogated defendant for over 4 hours. Rangers used threats to jail Defendants Girlfriend and Nephew, Attempted to bribe defednat intothe use of a county truch if they could search his truck. RANGERS REFUS TO ALLOW BREAKS UNTILL DEFENDAN gave them something. Rangers used threating manners of Bodily injury to intiminate defendant, into "giving them something" Due process

D. **GROUND FOUR:** Abuse of Descretion by trial Court.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Trail Court denied a Mistrial on the mention of Priors, (twice) in the presence of the jury. Trail Court denied defendant the right of Voluntarines Instruction (Art;38;23) C.C.P., which is guaranteed by the State consitution.. Trail Court denied the Directiive Verdit, when the State did not prove a Prima Facie case. Trail Court allowed the assissantice of the Brown Counrt DA with the Capitol Murder charge that the Brown County DA had already said in another court that the Ranger Statemnent was Illegal and not going to use it in that Court.

Trial Court Refused a State law Request to test DNA - twice.

21. Relief sought in this petition: A new Trail on the Issue Presented in this Applicatio

GROUND FIVE: DUE PROCESS:

(a) Law enforcement failed to investigate other possible suspects, failed to investigate DNA found on the body and at the Grave sute, Failed to pursue or investigate other suspects.

(b) Allowe JUNK Science to be introduced that was not proven to be accurate or correct. GPS mappimh data wa shown to be extremely flawed and not reliable.

(c). Conflicting Prosecution- Brown Counrt DA assisted in the Capitol murder prosecution, using the ranger Statement that the Same Da had informed the Brown County Court he would not be using in that Case because of the Legallity of the Statement, then used the same ranger statement in the murder Trail.

GROUND SIX: Jury Misconduct, Jury allowed to consider evidence that wa not introduced at trial. Clerk record (# 96) shows three notes sent out by the jury asking about the status of Kemper Croft, was he interviewed and was his phome looked at. No wherre in the trial was Kemper Croft(victims Current Boyfriend) ever mentioned or the status ever introduced to the jury. Jury was allowed to consider evidence tha was not mentioned or introduced.

GROUND SEVEN: IMPROPER JURY CLOSING: Brown county assing Da used improper closing the jury, Stating "that he knew How the Gun was used". when there was no mention of any weapon ever being introduced or used. State is vested witht he right to call for justice, but cannot introduce personal knowledge or opinion into the closing., especially when there was no finding of any weapon used.

GROUND EIGHT: Ineffective assistance of Counsel, (Trial and Appeal)
Trail counsel had conflicting intrest between defendant and States witneess whom was also a Client of the Trail Counnsel. Trail Counsel denied Defendant the Right to compulsasory Process claim by not allowing the Witness to be called. Trail counsel steered the Trail away from his client being called.

(b) Appellate Counsel did not present a "Dead Bang winner" to the Appellate court, that would have resulted in a reversal. appellate counsel did not confer or have the clients best intrest in mind during the appellate process, and refused to comicate with the defendant. A Dead Bang winner on appeal would have resulted in a reversal that of bring the mention of Defendants Priors to the Courts attention for consideration.

Mention of Prior Criminal History infront of Jury grreatly prejudices the Defendant, and denied him a fair Trail.

22. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☒ No
   
   Have you previously filed any federal petition attacking the same conviction or parole revocation or disciplinary proceeding that you are attacking in this petition? ☐ Yes ☒ No
   If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

   _____

   _____

   If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?  ☐ Yes  ☐ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
    ☒ Yes    ☐ No

    If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

    Suppressed Evidence, Abuse of Descretion, Due Process, Improper Jury closing, Jury Misconduct, Ineffective assistance of counsel

    · State law prevents new grounds from being presented other than whats first presented by appeal attorney

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?    ☐ Yes    ☒ No

    If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____

    _____

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: Perry Sims, 1000, early Bulv. Early Tx. 76801

    (b) At arraignment and plea: Perry Sims

    (c) At trial: Perry Sims

    (d) At sentencing: Perry Sims

    (e) On appeal: Perry sims(withdrew), Emily Miller, 707 Center, Brownwood, Tx. 76801
        Patrict Howard. P.O. box 72, Bangs Tx.
    (f) In any post-conviction proceeding: PDR- Patrict Howard

-8-

(g)  On appeal from any ruling against you in a post-conviction proceeding: _____

_____

**Timeliness of Petition:**

26. If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

_____

_____

_____

_____

_____

_____

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

                                                _____
                                                Signature of Attorney (if any)

_____

      I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on _Feb - 6 - 2019_____ (month, day, year).

Executed (signed) on _2-6-2019_____ (date).

                                                _____
                                                Signature of Petitioner (required)

Petitioner's current address: _2664 FM 2054, Tennessee Colony TX. 75861_



Larry Bush - 1817810
2664 FM 2054
Tenn Colony TX 75886
Michaels unit

RECEIVED
FEB 11 2019
CLERK U.S. DISTRICT COURT

U.S. District Court
Northern District of Texas
22. E Twohig
San Angelo TX. 76902